# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON BROTHERS, | CASE NO. 1:05-cv-01503-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| DR. SNOW, et al., | (Doc. 16) |
| Defendants. | |

I.   Findings and Recommendations Addressing Defendants' Motion to Dismiss

    A.   Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed November 23, 2005, against McGuinness, Snow, Greenman and Ruff ("defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment. On January 4, 2007, defendants McGuinness and Ruff filed a motion to dismiss for failure to exhaust.[1] Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on March 20, 2007, and defendants filed a reply on March 30, 2007.[2]

    B.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Defendants Greenman and Snow have not yet been served.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 30, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 16.)

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal because plaintiff did not file an inmate

appeal grieving his claims against them. In his complaint, plaintiff claims that defendants McGuinness and Ruff falsified medical records and documents and attempted to cover-up Dr. Snow's unlawful acts. He also alleges that these defendants attempted to force plaintiff to undergo blood tests and refused to treat his high blood pressure. In support of their motion, defendants submit evidence that although plaintiff filed other grievances on other issues, there is no record of a grievance concerning his claims against defendants McGuinness and Ruff. (Gomez Decl.; Grannis Dec.)

Defendants have met their burden as the party moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he exhausted the available administrative remedies.

In his complaint, plaintiff alleges that he exhausted his administrative remedies and that the process was completed on August 22, 2005 by the denial of his appeal. In his opposition, plaintiff argues that he exhausted his administrative appeals and he attaches a copy of Appeal No. 05-00950, in which plaintiff makes claims against Dr. Snow relating to alleged mis-diagnosis and mis-prescribed medication. Defendants concede that plaintiff exhausted this appeal through the final level. However, as pointed out, this appeal does not grieve the facts giving rise to plaintiff's claims against defendants McGuinness or Ruff. No where in Appeal No. 05-00950 is there any mention of defendants McGuinness or Ruff or any allegations which would be sufficient to be put them or CSATF on notice of plaintiff's claims that these defendants falsified medical records and failed to treat his high blood pressure. Plaintiff has not submitted any evidence demonstrating that he properly filed a timely appeal of the claims against defendants McGuinness and Ruff.

D.  Conclusion

In conclusion, plaintiff has not submitted any evidence supporting his argument that he timely filed an appeal of the events giving rise to the claims against defendants McGuinnes and Ruff. Therefore, the court HEREBY RECOMMENDS that defendants' motion to dismiss for failure to exhaust, filed January 4, 2007, be GRANTED, and this action proceed against defendants Snow and Greenman.

These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 31, 2007**                    /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE